**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:16-CV-00125-JHM**

**TOM HARPER, SANDRA KRUMMA,**
**PEGGY SUE LEAKE, SAMUEL ZANE LEAKE,**
**JON SOUDER, CONCO ACQUIREMENT LLC,**
**and DELFASCO LLC** **APPELLANTS**

**V.**

**CONCO ESOP TRUSTEES,**
**OVERSIGHT COMMITTEE,**
**THE ARMY, and CONCO, INC.** **APPELLEES**

# ORDER

This matter is before the Court on motions by Appellee Conco, Inc. ("Debtor-Conco") and by Appellee Oversight Committee to dismiss the appeal of the Memorandum-Opinion and Order entered by the Bankruptcy Court on February 18, 2016, Case No. 12-34933-jal (Bankr. W.D. Ky.) [Bankr. DN 552],[1] [DN 6, DN 9], and a motion by Appellants Conco Acquirement LLC and Delfasco LLC (collectively, "Delfasco Appellants") for leave to file a sur-reply in opposition to the motions to dismiss appeal [DN 23]. Fully briefed, this matter is ripe for decision. For the following reasons, Appellees' motions to dismiss the appeal[DN 6, DN 9] are **DENIED**. Delfasco Appellants' motion for leave to file a sur-reply [DN 23] is **GRANTED** and the Court considered Delfasco Appellants' sur-reply in addressing this matter.

## I. BACKGROUND

This action is before the Court on Appellants' appeal of the Bankruptcy Court's February 18, 2016 Memorandum-Opinion and Order [Bankr. DN 552], which interpreted Conco's Chapter

[1] All record citations to this Court's docket in the instant matter use the prefix "DN," references to the Bankruptcy Court docket use the prefix "Bankr. DN," and references to this Court's docket in the Harper et al. v. Everson et al., No. 3:15-CV-00575-JHM (W.D. Ky.), matter use the prefix "Harper v. Everson DN."

11 Confirmed Plan[2] to prohibit the sale of the 100%-ESOP-owned Conco stock (referred to in the Confirmed Plan as "Class 4 Equity Security Interests") from being sold or transferred until January 1, 2019 and enjoined any such sale until that time. The Individual Appellants are participants in the ESOP and are the plaintiffs in the matter styled Harper et al. v. Everson et al., No. 3:15-CV-00575-JHM (W.D. Ky.) (the "ERISA Litigation"). In Harper, the Individual Appellants assert two claims, one for a declaration that the ESOP Trustees have breached their fiduciary duties under ERISA by not evaluating and responding to offers by Delfasco Appellants to purchase the Conco stock and one for injunctive relief removing the ESOP Trustees and naming one or more independent trustees.

On November 5, 2012, Debtor-Conco filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. During the course of the Chapter 11 proceedings, Conco's main competitor, Delfasco, attempted to acquire Debtor-Conco and gain control of Debtor-Conco's estate. These attempts proved to be unsuccessful and on November 20, 2014, the Bankruptcy Court confirmed Debtor-Conco's Third Amended Plan of Reorganization overruling all remaining objections of Delfasco. Regarding the Conco stock, classified in the Confirmed Plan as "Class 4 Interests," the Confirmed Plan provides that

> On the Effective Date, holders of equity securities in the Debtor shall retain their interests as in existence immediately prior to the Effective Date. Between Confirmation and the Effective Date, the ESOP shall be amended to provide that the Debtor may not contribute money or any other property to the ESOP, nor repurchase any employee-owned equity securities through December 31, 2018, to the extent allowed by applicable law.

(Bankr. Plan, Art. V–Treatment of Claims and Interests, Class 4 – Equity Security Interests, at 9.) December 31, 2018, is when the last Defined Distributions are scheduled to be made and the

[2] "Confirmed Plan," for purposes of this Order, refers collectively to Debtor-Conco's Third Amended Plan of Reorganization [Bankr. DN 417] and the Order confirming Debtor-Conco's Third Amended Plan of Reorganization [Bankr. DN 468].

last Contingent Distributions would have been calculated. (See Mem.-Op. [Bankr. DN 552] 3.) In April and June 2015, Delfasco made offers to Debtor-Conco and the ESOP to purchase the Conco stock. These offers were not accepted.

On July 1, 2015, Individual Appellants filed their Complaint in Harper, alleging ERISA fiduciary duty violations and requesting the Court to appoint an independent trustee. The Court held a preliminary injunction hearing on July 16, 2015, during which the parties agreed that the motion would be withdrawn, without prejudice, based on the ESOP Trustees' representation that an independent trustee would be engaged on acceptable terms to Individual Appellants. An agreed order formalizing those terms and withdrawing their preliminary injunction motion was filed on July 22, but the ESOP Trustees and Debtor-Conco withdrew their consent shortly thereafter.

The ESOP Trustees and Debtor-Conco filed motions to transfer and to refer the ERISA litigation to the Bankruptcy Court [Harper v. Everson DN 28, Harper v. Everson DN 20]. The issue of whether Conco's Confirmed Plan prohibits the sale of the Conco stock, to anyone, before December 31, 2018, was raised, and on October 19, 2015, the Court heard oral argument on the motions. The ESOP Trustees and Debtor-Conco contended that such a sale would violate the terms of the Confirmed Plan; the Individual Appellants contended that there was no provision in the Confirmed Plan that restricts the ESOP Trustees' ability to sell the Conco shares owned by the ESOP. The Court denied the motions to refer by order, finding that it could answer Count I in the Complaint without interpreting the terms of the Confirmed Plan. (Order of Oct. 22, 2015 [Harper v. Everson DN 44] 5–7.)

The Oversight Committee had the bankruptcy case reopened and on November 6, 2015, the Oversight Committee filed in the Bankruptcy Court a motion to enforce the Confirmed Plan

by prohibiting the sale of the Class 4 Equity Security Interests [Bankr. DN 512] (the "Motion to Enforce"). On November 18, 2015, the ESOP Trustees filed in the Bankruptcy Court a motion seeking clarification of the Confirmed Plan and a declaration of rights therein [Bankr. DN 516] (the "Motion for Clarification"). On December 3, 2015, Delfasco Appellants filed an objection to the motions to enforce and for clarification [Bankr. DN 525], Debtor-Conco filed a response in support of the Motion to Enforce [Bankr. DN 526], and the Individual Appellants filed an objection and supplemental objection to the motions to enforce and for clarification [Bankr. DN 527, Bankr. DN 528]. There was no motion for sanctions filed in the Bankruptcy Court.

On November 21, 2015, in the ERISA Litigation, the Individual Appellants filed in this Court a motion to withdraw reference from the Bankruptcy Court regarding the Motion to Enforce and Motion for Clarification [Harper v. Everson DN 51]. The Court denied the motion by order on December 7, 2015 [Harper v. Everson DN 54].

The Bankruptcy Court held a hearing on the motions to enforce and for clarification on December 10, 2015. (See Hr'g Tr., Dec. 10, 2015 [Bankr. DN 538].) On February 18, 2016, the Bankruptcy Court granted the Motion to Enforce [Bankr. DN 512] and the Motion for Clarification [Bankr. DN 516], and further ordered "that the holders of Class 4 Equity Security Interests of Conco, Inc. under the Debtor's Third Amended Plan of Reorganization are hereby enjoined from selling, transferring, or otherwise divesting themselves of the Equity Interests of Conco, Inc. until January 1, 2019." (Order [Bankr. DN 552].) Further, the Bankruptcy Court "reserve[d] ruling on any requests for sanctions and/or damages upon further motion by the parties." (Id.)

The Appellants appealed that decision of the Bankruptcy Court on February 26, 2016 [DN 1]. On March 3, 2016, the Oversight Committee filed in the Bankruptcy Court a motion for

Rule 2004 Examination of the Delfasco Appellants and the Individual Appellants [Bankr. DN 561]. On March 7 and 8, 2016, Delfasco Appellants and the Individual Appellants filed in the Bankruptcy Court motions to stay pending appeal of the February 18, 2016 Memorandum-Opinion and Order [Bankr. DN 567, Bankr. DN 570]. On March 29, 2016, the Bankruptcy Court held a hearing on the motion for 2004 examination and the motions to stay pending appeal.[3] The Bankruptcy Court granted the motion for 2004 examination [Bankr. DN 591] and denied the motions to stay pending appeal [Bankr. DN 592].[4]

## II. STANDARD OF REVIEW

A party may bring an appeal as of right under 28 U.S.C. § 158(a)(1) from final judgments, orders, and decrees of the bankruptcy court. In order for this Court to have jurisdiction under 28 U.S.C. § 158(a)(1), the order of the bankruptcy judge being appealed must be "final."

Generally, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945); In re Copper, 314 B.R. 628, 630 (B.A.P. 6th Cir. 2004). Absolute finality, however, is not a requirement. Even though a collateral question remains to be decided, an order that ends litigation on the merits is final and appealable as long as resolution of the open question would not "alter the order or moot or revise decisions embodied in the order." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199, 200–02 (1988) (finding "it indisputable that a claim for

---

[3] Also before the Bankruptcy Court at the hearing was an emergency motion for stay of consideration of Debtor-Conco's motion to disqualify Individual Appellants' counsel [Bankr. DN 586]. In addition to the motion to disqualify filed in the Bankruptcy Court [Bankr. DN 573], Debtor-Conco filed motions to disqualify in the bankruptcy appeal [DN 15] and in Harper [Harper v. Everson DN 69]. The Bankruptcy Court granted the motion to stay consideration of the motion to disqualify [Bankr. DN 593]. This Court denied the motions to disqualify by order. (See Order [DN 36]; Order [Harper v. Everson 101].)

[4] Individual Appellants and Delfasco Appellants have filed, pursuant to Federal Rule of Bankruptcy Procedure 8007, motions to stay pending appeal in this action [DN 26, DN 27]. The Court addresses those motions by separate order.

attorney's fees is not part of the merits of the action to which the fees pertain" and adopting "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final"); Armisted v. State Farm Mut. Auto. Ins. Co., 675 F.3d 989, 993 (6th Cir. 2012) ("The lack of finality with respect to a matter that is collateral to the merits does not deprive a circuit court of jurisdiction it otherwise has to review the merits."); id. at 994 ("In addition to attorney fees, courts have found that a decision to sanction a party for misconduct during litigation, too, is collateral to the merits for purposes of finality and appellate review. See 15B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3915.6, p. 347 (2d ed. 1992) ('It is not surprising that the rules of finality for sanction orders parallel the rules for attorney fee awards. A judgment on the merits is final despite the failure to resolve pending sanction matters.')."); see Gnesys, Inc. v. Greene, 437 F.3d 482, 487–88 (6th Cir. 2005) ("[A] decision awarding attorney's fees is not part of the merits for purposes of determining if the lower court issued a 'final decision.' This is so even if the attorney's fees are authorized by statute, and even if the attorney's fees are construed to be part of the damages or sanction awarded by the court."); see also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 777 (2014) ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal.").

Although the merits of a case may be appealed while a determination of attorney's fees or sanctions is pending, see Budinich, 486 U.S. at 199; Armisted, 675 F.3d at 992–94, a litigant may not appeal his or her liability for attorney's fees or sanctions until the amount or appropriate sanction to be imposed is determined, Armisted, 675 F.3d at 992–94; In re Blasingame, 525 B.R.

675, 678 (B.A.P. 6th Cir. 2015) (bankruptcy court order that imposed sanctions was not final and appealable until that court issued orders fixing the amount of the sanction). See 19 Moore's Federal Practice – Civil § 202.02 (2015); Armisted, 675 F.3d at 994 ("In sum, because the district court has not resolved *how* it will sanction State Farm, its decision *to sanction* State Farm is not yet final, and we lack jurisdiction to review the matter. We therefore dismiss that portion of the appeals. But because the sanctions order is collateral to the merits, we are not deprived of jurisdiction to review the district court's denial of plaintiffs' motion for a new trial and its denial of State Farm's request for attorney fees on the Parks and Stewart claims.").

In the context of bankruptcy appeals, courts consider the finality requirement "in a more pragmatic and less technical way" than in other settings. In re Dow Corning Corp., 86 F.3d 482, 488 (6th Cir. 1996); see In re Millers Cove Energy Co., Inc., 128 F.3d 449, 451 (6th Cir. 1997) (quoting 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3926.2, p. 270 (2d ed. 1996)) ("The authors of one treatise note however that '[v]irtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.'"). Thus, in bankruptcy cases, an order that finally disposes of discrete disputes within a larger case may be appealed immediately. In re Dow Corning Corp., 86 F.3d at 488.

## III. DISCUSSION

In the present case, Appellants appeal an Order of the Bankruptcy Judge enjoining holders of the Conco stock (the ESOP) from selling or transferring the stock until January 1, 2019 and reserving the right to rule on "any requests for sanctions and/or damages upon further motion by the parties." (Order [Bankr. DN 552].) Debtor-Conco and the Oversight Committee (collectively, the "Movants") have filed motions to dismiss the appeal for lack of jurisdiction, arguing that the Order is not a final and appealable judgment because it adjudicated fewer than

all the claims at issue. Fed. R. Civ. P. 54(b)[5] (made applicable to this matter by Fed. R. Bankr. P. 7054 and 9014) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . ."). Debtor-Conco and the Oversight Committee contend that there were two "claims" asserted, one for enforcement of the Third Amended Plan of Reorganization and the Confirmation Order and one for sanctions against Appellants, and that the Bankruptcy Court issued a ruling on only one of those two claims. In support of its argument that the Bankruptcy Court's opinion and order is not final and appealable, the Oversight Committee relies on cases such as In re Blasingame, 525 B.R. 675, 678 (B.A.P. 6th Cir. 2015) and In re Atlas, 210 F.3d 1305 (11th Cir. 2000), which held that a litigant may not appeal his or her liability for attorneys' fees or sanctions until the amount is determined.

Appellants contend that because the Movants never filed a "claim" for sanctions, their invocation of Civil Rule 54(b), which applies to cases involving multiple claims or multiple parties, is entirely inapposite. Appellants contend that even if the Movants had requested sanctions (which they have not), that would not prevent the Order from being final and appealable, as open issues as to sanctions and attorneys' fees do not prevent a ruling on the merits from being final and appealable, see, e.g., Budinich, 486 U.S. at 199; Fallon v. Martin (In re Martin), No. BAP RI 00-081, 2001 WL 36381908, at *1 n.2, 2001 Bankr. LEXIS 2353, at *1 n.2 (B.A.P. 1st Cir. Feb. 2, 2001) (applying Budinich in context of a bankruptcy appeal where

[5] Federal Rule of Civil Procedure 54 provides in pertinent part:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

the judgment being appealed did not resolve a pending motion for sanctions in the bankruptcy court and holding the merits-based judgment was nonetheless final and appealable). Thus, Appellants argue that the Bankruptcy Court's reservation of jurisdiction to consider sanctions is irrelevant to the issue of finality, as sanctions are separate from the merits of the dispute (here, the Bankruptcy Court's interpretation of Conco's plan of reorganization). Appellants contend that there was only one "claim"—for interpretation of Conco's Chapter 11 plan—which was fully resolved by the Order under appeal and thus that the Order is final and appealable, see Long Term Care Mgmt. v. VI/XII Collateral Trust (In re Nat'l Century Fin. Enters., Inc.), 342 B.R. 384, 2006 WL 620643, at *1, 2006 Bankr. LEXIS 328, at *2 (B.A.P. 6th Cir. Mar. 14, 2006) (table) ("An order interpreting and enforcing a Chapter 11 plan constitutes a final order."). Appellants distinguish the cases relied on by the Oversight Committee, such as In re Blasingame, 525 B.R. 675, on the basis that there is no sanctions order in this case (and even if there were, that is not what is being appealed).

The Court agrees with Appellants and finds the Movants' arguments that the Order is not final and appealable to be unpersuasive. As noted, the final judgment rule applies differently in bankruptcy cases. The final-judgment statute governing bankruptcy cases authorizes appeals as of right from "final judgments, orders, and decrees . . . in cases and proceedings." 28 U.S.C. § 158(a). Therefore, an order in a bankruptcy case may be immediately appealed if it finally disposes of a "proceeding," that is, a discrete dispute within the larger case. See Bullard v. Blue Hills Bank, — U.S. —, 135 S. Ct. 1686, 1692–96 (2015); Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 657 n.3 (2006) (order finally settling creditor's claim is final). "Proceedings" in the bankruptcy context are "defined to include all 'contested matters, adversary proceedings, and plenary suits.'" In re Saco Local Dev. Corp., 711 F.2d 441, 445 (1st Cir. 1983)

(quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 444 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 153 (1978)). Here, as Debtor-Conco notes, the proceeding before the Bankruptcy Court was a contested matter under Federal Rule of Bankruptcy Procedure 9014. (See Conco's Reply Supp. Mot. Dismiss [DN 18] 3); see, e.g., In re Kalikow, 602 F.3d 82, 93–94 (2d Cir. 2010) (motion to enforce Chapter 11 plan and confirmation order involved enforcement of pre-existing injunction, permitting resolution of the motion as a contested matter rather than through an adversary proceeding).

Bankruptcy Rule 9014(a) provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise." Fed. R. Bankr. P. 9014(a). As noted in the Advisory Committee Notes to Rule 9014, "[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." Fed. R. Bankr. P. 9014 advisory committee's note. In contrasting contested matters and adversary proceedings, the Fifth Circuit Court of Appeals observed:

> Unlike adversary proceedings, which we have described as "full blown federal lawsuits within the larger bankruptcy case," and which are governed by all of the rules in Part VII of the Bankruptcy Rules, contested matters are "subject to the less elaborate procedures specified in Bankruptcy Rule 9014." Matter of Wood & Locker, Inc., 868 F.2d 139, 142 (5th Cir. 1989). Contested matter proceedings are generally designed for the adjudication of simple issues, often on an expedited basis. 9 Collier on Bankruptcy, ¶ 9014.05 (15th ed. 1992).

Matter of TransAmerican Nat'l Gas Corp., 978 F.2d 1409, 1416 (5th Cir. 1992). Whereas an adversary proceeding is equivalent to a "full blown federal lawsuit within the larger bankruptcy case," id., "[a] contested matter in bankruptcy court is the equivalent of a federal court motion and is disposed of in a similar fashion," In re Stauder, 396 B.R. 609, 610 (Bankr. M.D. Pa. 2008); see Fed. R. Bankr. P. 9014(a) ("relief shall be requested by motion"); see also In re

Parker, 392 B.R. 490, 496 (Bankr. D. Utah 2008) ("In effect, in a contested matter, the notice of hearing is treated as a summons and the motion is treated as a complaint.").

The dispute that was the basis for the contested matter before the Bankruptcy Court was the interpretation of the Confirmed Plan, specifically, whether the Confirmed Plan prohibited the sale or transfer of the Class 4 Equity Security Interests before January 1, 2019. (See, e.g., Mem.-Op. [Bankr. DN 552] 6–7 (In determining that it had "jurisdiction to interpret and enforce the terms of the confirmed Plan," the Bankruptcy Court characterized "[t]he relief sought by the Oversight Committee and the [ESOP] Trustees" as "direct requests for interpretation and clarification of the [confirmed] Plan's terms."); Hr'g Tr., Dec. 10, 2015 [Bankr. DN 538] 4:25–5:1; 9:13–10:19; 13:6–:8; 14:8–:14; 15:17–:21; 19:11–:18; 20:20–21:5; 26:3–:14; 28:20–29:4; 37:3–:11; 45:1–48:17; 52:11–:22; 82:15–86:8; 91:7–92:25.) The initiating motions sought resolution of this dispute; the motion of the ESOP Trustee's sought clarification of the Confirmed Plan and a declaration of rights therein and the motion of the Oversight Committee sought interpretation and enforcement of the Confirmed Plan by prohibiting the sale or transfer of the Class 4 Equity Security Interests before January 1, 2019. Additionally, the motion of the Oversight Committee, and Debtor-Conco in its response to the initiating motions, sought the Bankruptcy Court to reserve the right to sanction Delfasco.

In its Memorandum-Opinion, the Bankruptcy Court interpreted and clarified the Confirmed Plan; in its corresponding Order, the Bankruptcy Court granted the initiating motions, enjoined the holders of the Equity Interests from selling or transferring the Equity Interests until January 1, 2019, and reserved ruling on any requests for sanctions and/or damages upon further motion by the parties. (See Mem.-Op. & Order [Bankr. DN 552].) In other words, the Oversight Committee's motion, the ESOP Trustees' motion, and Debtor-Conco's request in its Response

were fully resolved by the Bankruptcy Court. Accordingly, the Court finds that the opinion and order under appeal is a final order, as it ended litigation on the merits and finally disposed of the contested matter—the interpretation of Debtor-Conco's Chapter 11 Confirmed Plan. See In re Nat'l Century Fin. Enters., Inc., 342 B.R. 384, 2006 WL 620643, at *1, 2006 Bankr. LEXIS 328, at *2 ("An order interpreting and enforcing a Chapter 11 plan constitutes a final order.") (citing UNR Indus., Inc. v. Bloomington Factory Workers (In re UNR Indus., Inc.), 173 B.R. 149, 154 n.6 (N.D. Ill. 1994) ("Under [the] relaxed [finality] standard [governing bankruptcy appeals], [the bankruptcy court's] Classification Order would be final since it conclusively resolved a 'stand-alone' issue—i.e., the proper interpretation of the Plan of Reorganization.")).

The Movants arguments that the Bankruptcy Court's opinion and order, which fully resolved the contested matter before it, is somehow not final and appealable are unpersuasive. First, there was no motion or claim for sanctions before the Bankruptcy Court in the contested matter, thus Debtor-Conco's contention that the Bankruptcy Court "expressly reserve[ed] judgment" on "a claim for sanctions," (see Debtor-Conco's Mot. Dismiss [DN 6] 4), is without merit and Federal Rule of Civil Procedure 54(b) does not prevent the Bankruptcy Court's opinion and order from being appealable.[6] The only request in the initiating motions regarding sanctions in the contested matter was a request by the Oversight Committee that the Bankruptcy Court "reserve the right to sanction Delfasco and award damages to the Debtor and its creditors." (Oversight Committee's Mot. to Enforce [Bankr. DN 512] 13[7]; see also id. at 8–9 ("Finally, the

---

[6] As Delfasco Appellants note in their sur-reply, any request for sanctions for violation of Bankruptcy Rule 9011 must be made "by motion," "separately from other motions or requests," and "describe the specific conduct" at issue. Fed. R. Bankr. P. 9011(c)(1)(A). Similarly, any "contested matter" must also be raised by motion and provide fair notice of the claims and relief sought. Fed. R. Bankr. P. 9014(a). When a party requests contempt proceedings, those too must be initiated by a motion for a contested matter setting forth the grounds for contempt and the relief requested. See Fed. R. Bankr. P. 9020. As Delfasco Appellants note, none of that has occurred here.

[7] In full, this section, with the heading "The Bankruptcy Court Should Reserve its Right to Sanction Delfasco and Award Damages to the Debtor and its Creditors," of the Oversight Committee's motion provided:

Bankruptcy Court should reserve the right to sanction Delfasco, award attorney's fees to the Debtor and the Committee, and, if warranted, assess punitive damages against Delfasco. Such relief *could be warranted* because Delfasco has repeatedly attempted to avoid compliance with the Bankruptcy Court's orders and harass the Debtor via legal maneuverings."); Proposed Order [Bankr. DN 512-1] ¶ 3.)[8] Debtor-Conco, in its to the Oversight Committee's Motion, "reserve[d] the right to ask the bankruptcy court to hold Delfasco in contempt, to sanction Delfasco, and to award damages to Conco and its creditors," and similarly requested that the bankruptcy court "reserve the right to sanction Delfasco." (Debtor-Conco's Resp. to Oversight Committee's Mot. [Bankr. DN 526] 14.) In its Order, the Bankruptcy Court granted those requests and "reserve[d] ruling on any requests for sanctions and/or damages upon further motion by the parties." (See Order [Bankr. DN 552] 1.)

Second, the sanctions issue, to the extent that it was even before the Bankruptcy Court, is collateral to the merits of the contested matter. Because resolution of Delfasco's liability for sanctions would not "alter the order or moot or revise decisions embodied in the order," Budinich, 486 U.S. at 199, the unresolved issue regarding Delfasco's liability for sanctions does not prevent the Bankruptcy Court's opinion and order from being final and appealable, id.; see Armisted, 675 F.3d at 994 (sanctions order is collateral to the merits; appellate court's lack of

> Delfasco's efforts to acquire the Debtor's business are in contravention of the Amended Plan and the Confirmation Order, and are an attempt to destroy the Debtor, Delfasco's competitor, without regard to the interests of the Debtor's unsecured creditors. If Delfasco continues to ignore the Bankruptcy Court's orders and harass the Debtor through litigation then the Bankruptcy Court should reserve the right to sanction Delfasco and award damages to the Debtor and its creditors to reimburse those parties for the costs they have incurred as a result of Delfasco's actions.

(Oversight Committee's Mot. to Enforce [Bankr. DN 512] 13.)

[8] (See also Hr'g Tr., Dec. 10, 2015 [Bankr. DN 538] 83:19–84:5 (emphasis added) (Mr. Bowles, counsel for the Oversight Committee: "Now, the final issue, Your Honor, which Mr. King spent some time on is the sanctions issue. And, Your Honor, we, the Class 3 -- we, the Oversight Committee, who is there basically to make sure the debtor properly operates in a way that will benefit our creditors to the most, have said that we want to make sure we aren't harmed. And we have been harmed. And we've been knowingly harmed. *So we wanted to reserve it* not so that we would have a huge case right now, I'm trying to figure out exactly what sanctions, legal fees, punitive damages or anything else that may or may not be needed against Delfasco, but more *to just say we will leave that for another day seeing what comes down here*.").)

jurisdiction to review the district court's decision to sanction defendant, which was not final because district court had not determined how to sanction and imposed sanctions, did not prevent court from reviewing district court's final decision on the merits).

Finally, as there was no motion for sanctions before the Bankruptcy Court, no determination of Delfasco's (or the Individual Appellants') liability for sanctions, and no sanctions award, the Oversight Committee's reliance on Blasingame and Atlas and similar case law is misplaced. As Appellants correctly note, Blasingame, which held that a bankruptcy court's order finding liability for sanctions is not final and appealable until that court issued an order fixing the amount of the sanction, 525 B.R. at 678, is inapplicable to the instant case, where there has been no sanctions order.[9] The Oversight Committee's attempt to analogize the instant case to Atlas similarly fails. The Atlas court held that "a bankruptcy court's order is not final for purposes of appellate jurisdiction where the bankruptcy court finds liability for violation of the automatic stay, but defers assessment of damages." 210 F.3d at 1308. Here, by contrast, the Bankruptcy Court has not granted judgment on the issue of liability for sanctions. The issue of liability for sanctions was not even before the Bankruptcy Court. Thus, cases such as Atlas, Blasingame, and the like are clearly distinguishable. The bankruptcy court merely reserved ruling on any requests for sanctions and/or damages upon further motion by the parties. (See Order [Bankr. DN 552] 1.)

Moreover, the Atlas court's finding that the order was not final and appealable because it did not fully "dispose of the [movant]'s prayer for relief," only supports this Court's finding that the Bankruptcy Court's order was final and appealable. In Atlas, the movant had, in "her *motion for sanctions*," "*prayed for 'actual and punitive damages* . . . , including reimbursement for all

[9] Debtor-Conco apparently concedes as much in its Reply, noting that "the Bankruptcy Court must first make a determination as to whether sanctions and/or damages are appropriate and then the Bankruptcy Court must make a determination on the amount." (Debtor-Conco's Reply Supp. Mot. Dismiss [DN 18] 5.)

fees and expenses by the bankruptcy estate and Patricia Dzikowski, Esq.'" Id. at 1308 n.5 (emphasis added) (citing (R. 3-171 at 4)). The distinctions here are glaring. First, there has been no motion for sanctions in this case. Second, there was no request *to impose sanctions* in the Oversight Committee's prayer for relief/proposed order. Third, the Bankruptcy Court here *did* fully dispose of the Oversight Committee's prayer for relief.

For these reasons, the Court denies Debtor-Conco's and the Oversight Committee's motions to dismiss the appeal.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED THAT** Debtor-Conco's Motion to Dismiss [DN 6] and the Oversight Committee's Motion to Dismiss [DN 9] are **DENIED**. **IT IS FURTHER ORDERED** that Delfasco Appellants' Motion for Leave to File a Sur-Reply [DN 23] is **GRANTED**. The Clerk of Court shall file the tendered Sur-Reply attached to Delfasco Appellants' Motion [DN 23-1].

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**
May 12, 2016

cc: Counsel of Record